KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE:    (310) 282-8989
FACSIMILE:    (310) 282-8903

Attorneys for Howard M. Ehrenberg,
Chapter 7 Trustee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HOWARD M. EHRENBERG, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> The Walt Disney Company, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT** for <br><br> 1)   Copyright Infringement <br> 2)   Copyright Infringement <br> 3)   Declaration of Co-Ownership <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Howard M. Ehrenberg, Chapter 7 Trustee ("plaintiff") hereby alleges as follows:

1. This case is to remedy defendant The Walt Disney Company's ("Disney") unapologetic misappropriation of a veteran television writer's award-winning original contributions to one of its most treasured animated properties, the *Muppet Babies* television show, and of valuable new ideas he submitted for Disney's *Muppet Babies* reboot, which first aired in March 2018.

2. Scott is among animation's most acclaimed screenwriters, with decades of experience developing, writing and story-editing children's shows, primarily for network TV, including not only *Muppet Babies*, but also *Super Friends, Spider-Man, Teenage Mutant Ninja Turtles, Dungeons & Dragons, Pac Man, Hulk*

5395.060/1783116.1

1   *Hogan's Rock 'n' Wrestling, Sonic the Hedgehog*, *Zorro*, *James Bond Jr.*, *Dragon*

2   *Tales*, *India's Little Krishna, Shaktimaan*, and many others.  He also is the author of

3   a widely respected text on animation writing, among other accomplishments.

4        3.     Recognizing Scott's talent, Disney's predecessor-in-interest, Marvel

5   Productions, Ltd. ("Marvel"), with Jim Henson's participation and approval, asked

6   Scott to create the original *Muppet Babies* production bible in the early 1980s.  The

7   production bible created and defined the foundational elements of the show.  Since

8   Scott was not an employee of Marvel or Henson and never agreed to convey his

9   copyright in the bible to either of them, Scott held the copyright in the bible

10   immediately upon its creation.

11        4.     After the bible, Scott wrote the scripts for all but four of the episodes

12   produced during the first three years of *Muppet Babies*' original run, his copyrights

13   in which he also never conveyed to Marvel or Henson.  Scott received three Emmy

14   awards and a Humanitas Prize for his scripts.  When Scott left the Series in 1986 to

15   pursue other opportunities, Jim Henson wrote to him, "Thank you for all you've

16   done for MUPPET BABIES.  I think it's a terrific series – because of you."

17        5.     Disney's *Muppet Baby* reboot is derived from and saturated with the

18   elements from Scott's bible and scripts, and would not exist in anything like its

19   present form without Scott's contributions.  Yet, Disney continues to refuse to give

20   Scott any credit for its wholesale use of his material and to compensate him fairly,

21   or at all, for that use.

22        6.     Disney has released three seasons of new Muppet Babies episodes, for

23   a total of 71 episodes.  Disney has incorporated and continues to incorporate the

24   elements in Scott's bible and scripts (as well as ideas he presented to Disney

25   executives in 2016), plagiarizing Scott's dialogue, plot points, images, gags, cultural

26   references, character attributes, settings, story arcs, themes, and many other

27   elements created at Jim Henson and Marvel's invitation and request.  Yet, Disney

28   continues to refuse to acknowledge Scott's essential, protected contributions and to

King, Holmes, Paterno & Soriano, LLP

1  compensate Scott for its unauthorized, wholesale exploitation of them.

2  **THE PARTIES**

3      7.    Plaintiff is the Chapter 7 Trustee of the bankruptcy estate (the

4  "Bankruptcy Estate") of Jeffrey Alan Scott ("Scott") and Sonya Scott in *In re:*

5  *Jeffrey Alan Scott and Sonya Scott*, United States Bankruptcy Court for the Central

6  District of California, Case No. 2:95-bk-11691-BR.

7      8.    Disney is and at all times material herein has been a corporation

8  organized and existing under the laws of the State of Delaware with its principal

9  place of business in the County of Los Angeles, California.

10  **JURISDICTION AND VENUE**

11      9.    This action arises under the United States Copyright Act of 1976.  The

12  complaint states a claim for infringement of federally registered copyrights under

13  the Copyright Act (17 U.S.C. §§ 106 and 501).

14      10.    This Court has subject matter jurisdiction over this action pursuant to

15  28 U.S.C. §§ 1331 and 1338.

16      11.    This Court has personal jurisdiction over Disney because Disney's

17  principal place of business is in California and in this district, and because

18  committed one or more of the infringing acts complained of herein in California and

19  in this district.

20      12.    Venue in this Court is proper at least under the provisions of 28 U.S.C.

21  § 1391.

22  **FACTS**

23      13.    In or about October 1983, with the Jim Henson Company and Henson's

24  (collectively, "Henson") participation, knowledge, consent and approval, Marvel

25  invited Scott to create a series production bible and write scripts for a new Muppet-

26  based television show, depicting the Muppet characters as youngsters.  Neither

27  Henson nor Marvel had a written agreement with Scott, and Scott was not an

28  employee of Marvel or Henson, which co-produced the show with Marvel.

1    14.    Scott created and wrote the *Muppet Babies* production bible and wrote all but four of the episodes produced during the show's first three seasons, and chose not to write more episodes.  A list of the episodes that Scott wrote, along with the registration numbers of his copyrights in them, is attached hereto as Exhibit 1.

15.    Scott's production bible, registered with the United States Copyright Office in his name as Copyright Reg. No. TXu 2-163-328, significantly developed, expanded on and created new attributes for the child versions of the characters, and created the mix of entertainment and education, and the blueprint for its stories.  The main characters that Scott significantly developed and expanded on were "kid" versions of the Muppets.  Among other things, he refined and added to their character traits and their relationships with each other, and created original running gags associated with each of them.  At Henson's suggestion, Scott also created an entirely new character, Nanny, including her distinctive colored socks, which were and remain integral to the series.  Scott's bible also created show structures incorporating fantasies and adventures that spring from the characters' imaginations and start in the nursery, often taking them to new environments in their imaginations; the use of live action footage and photographs; how the show uses music, and many other elements.

16.    Scott first discovered that Disney had begun interpolating many, if not most, of the elements of his bible when he saw episodes of the *Muppet Babies* reboot, which first aired on or about March 23, 2018. Thereafter, as new episodes aired, he discovered that Disney was interpolating even more elements of his bible, and elements of the scripts that he wrote, in those episodes, without any compensation or credit to him.

17.    On January 31, 2020, Scott and Disney entered into a tolling agreement tolling all statutes of limitations applicable to Scott's claims herein, which they later extended.  The tolling agreement was terminated on September 4, 2020.

18.    On October 22, 2020, Scott filed the action entitled *Jeffrey Scott v. The*

*Walt Disney Company* in the United States District Court for the Central District of California, Case No. 2:20-cv-09709 (the "Prior Action") alleging, *inter alia*, that Disney had engaged in the willful copyright infringement also alleged herein.

19.     On March 20, 2021, the court dismissed the Prior Action without prejudice, holding that Scott's claims were an asset of the bankruptcy estate in a bankruptcy that Scott filed in 2003, *In re: Jeffrey Scott and Sonya Scott*, United States Bankruptcy Court for the Central District of California Case No. 1:03-bk-17981 (the "2003 Bankruptcy").

20.     On April 21, 2021, Scott filed a motion to reopen the 2003 Bankruptcy to amend his schedules to include the claims alleged herein.

21.     On April 23, 2021, Scott filed a motion to reopen the 1995 Bankruptcy to amend his schedules to include the claims alleged herein.

22.     On May 11, 2021, the court in the 2003 Bankruptcy granted Scott's motion to reopen that case.

23.     On June 2, 2021, the court in the 1995 Bankruptcy granted Scott's motion to reopen that case.

24.     On June 5, 2021, Scott filed an amended Schedule B in the 1995 Bankruptcy listing his claims herein as an asset of the Bankruptcy Estate.

25.     On October 1, 2021, plaintiff filed an application in the 1995 Bankruptcy to retain King, Holmes, Paterno & Soriano, LLP, to represent him in prosecuting the claims alleged herein.  The court in the 1995 Bankruptcy granted that motion on November 5, 2021.

26.     On January 31, 2022, an Order of Discharge was entered in the 2003 Bankruptcy.

27.     As it has aired new episodes of the *Muppet Babies* reboot, Disney has continued to interpolate Scott's bible, the episodes he wrote, and the ideas he submitted in 2016, and to fail and refuse to compensate him and to accord him the "Developed for Television by" credit that Marvel promised him.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement)

28.     Plaintiff incorporates the foregoing paragraphs by reference, as though fully set forth.

29.     17 U.S.C. § 501 prohibits, *inter alia*, anyone from copying original expression from a copyrighted work without the owner's permission.

30.     Plaintiff is the sole owner of the copyright in the bible that is fixed in a tangible medium of expression.

31.     From and after March 23, 2018, and continuing to the present, Disney has infringed plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, by interpolating the bible into the *Muppet Babies* reboot and producing, reproducing, distributing, and publicly displaying the reboot, without Scott's or plaintiff's authorization or consent.

32.     Disney's conduct has damaged and will continue to damage plaintiff. Plaintiff's damages include, but are not limited to, the loss of the value of the bible's use in the reboot, Disney's profits from its unauthorized use of the bible, and the value of Disney's failure and refusal to accord Scott credit for its use of his original work.

33.     As a result of its conduct as alleged above, Disney has been unjustly enriched and has wrongfully profited.

34.     Plaintiff is entitled to actual damages and any profits of Disney that are attributable to the infringement and not taken into account in computing actual damages, in an amount to be proved at trial and all other relief allowed under the Copyright Act, all in an amount to be proved at trial herein.

### SECOND CLAIM FOR RELIEF

(For Copyright Infringement)

35.     Plaintiff incorporates the foregoing paragraphs by reference, as though fully set forth.

36. Plaintiff is the sole owner of the copyrights in the scripts, which are fixed in a tangible medium of expression.

37. From and after March 23, 2018, and continuing to the present, Disney has infringed plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, by interpolating Scott's scripts into the *Muppet Babies* reboot and producing, reproducing, distributing, and publicly displaying the reboot, without plaintiff's or Scott's authorization or consent.

38. Disney's conduct has damaged and will continue to damage plaintiff. Plaintiff's damages include, but are not limited to, the loss of the value of the scripts' use in the reboot, Disney's profits from its unauthorized use of the scripts, and the value of Disney's failure and refusal to accord Scott credit for its use of his original work.

39. As a result of its conduct as alleged above, Disney has been unjustly enriched and has wrongfully profited.

40. Plaintiff is entitled to actual damages and any profits of Disney that are attributable to the infringements and not taken into account in computing actual damages, in an amount to be proved at trial and all other relief allowed under the Copyright Act, all in an amount to be proved at trial herein.

### THIRD CLAIM FOR RELIEF

(For Declaration of Co-Ownership)

41. Plaintiff incorporates the foregoing paragraphs by reference, as though fully set forth.

42. Scott had the exclusive right to produce derivative works of his bible.

43. The reboot is a derivative work of Scott's bible, using the bible as a foundation and building upon it.

44. Accordingly, plaintiff seeks a declaration that it is a co-owner of the reboot to the extent it incorporates Scott's bible.

## FOURTH CLAIM FOR RELIEF

(For Declaration of Co-Ownership)

45.     Plaintiff incorporates the foregoing paragraphs by reference, as though fully set forth.

46.     Scott had the exclusive right to produce derivative works of his *Muppet Babies* scripts.

47.     The reboot is a derivative work of Scott's scripts, using the scripts as a foundation and building upon them.

48.     Accordingly, plaintiff seeks a declaration that it is a co-owner of the reboot to the extent it incorporates Scott's scripts.

WHEREFORE, plaintiff prays for judgment, as follows:

1.     For damages according to proof, plus interest at the legal rate;

2.     For an accounting of Disney's revenues and profits from the *Muppet Babies* reboot;

3.     For a declaration that plaintiff co-owns the *Muppet Babies* reboot;

4.     For plaintiff's costs incurred herein; and

5.     For such other and further relief as the Court deems just and equitable.

DATED:     February 18, 2022        KING, HOLMES, PATERNO & SORIANO, LLP


By:     */s/ Stephen D. Rothschild*
_____
HOWARD E. KING
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff Howard Ehrenberg, Chapter 7 Trustee

1

## <u>REQUEST FOR JURY TRIAL</u>

2

Plaintiff respectfully requests a trial by jury for the claims asserted herein.

3

4

DATED:      February 18, 2022      KING, HOLMES, PATERNO &
5
SORIANO, LLP

6

7

8      By:      */s/ Stephen D. Rothschild*

9      HOWARD E. KING
      STEPHEN D. ROTHSCHILD
10      Attorneys for Plaintiff Howard Ehrenberg,
      Chapter 7 Trustee
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
SORIANO, LLP

5395.060/1783116.1                                    9